Filed 1/14/26  P. v. Sanchez CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E085216 |
| v. | (Super.Ct.No. RIF1104183) |
| ALBERTO ROSES SANCHEZ, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Samah Shouka, Judge.

Affirmed with directions.

Richard Jay Moller, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Arlene A. Sevidal, Acting Assistant Attorney General, Christopher P. Beesley and Daniel Rogers, Deputy Attorneys General, for Plaintiff and Respondent.

1

Defendant and appellant Alberto Roses Sanchez appeals from the trial court's resentencing decision under Penal Code[1] section 1172.75. Defendant's sole claim on appeal is that the trial court omitted updating his abstract of judgment with credit for time served as of the date he was resentenced. The People concede the error and agree remand to update the credit calculation is necessary, as do we. (*People v. Buckhalter* (2001) 26 Cal.4th 20, 23, 40.) We therefore affirm the trial court's resentencing decision, but remand for the necessary credits correction and amendment of the abstract of judgment to reflect those credits.

For context, the underlying facts related to defendant's conviction on two counts of attempted murder are not relevant, but we briefly set out his sentencing history. On June 19, 2015, defendant was sentenced to 64 years to life in prison for the attempted murder counts (§§ 664, 187, subd. (a)), including enhancements on each count for personally using a firearm to inflict great bodily injury on the victims (§ 12022.53, subd. (d)). The court added consecutive one-year terms for each of defendant's three prison priors. (See former § 667.5, subd. (b)).

On September 29, 2023, the parties stipulated to striking the prior prison term enhancements under section 1172.75 and resentencing appellant to 64 years to life. Defendant reserved the right to seek full section 1172.75 resentencing under *People v. Monroe* (2022) 85 Cal.App.5th 393. In the meantime, the trial court accepted the parties' stipulation, recalled defendant's sentence and resentenced him on September 29, 2023, to

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

the stipulated term. On October 3, 2023, the court issued an amended abstract of judgment reflecting the new stipulated sentence and omission of the stricken prison priors, but the new abstract included the actual-days-served credit calculation from the original June 2015 abstract.

On December 6, 2024, the trial court heard and denied defendant's section 1172.75 resentencing petition. In denying the petition and leaving defendant's stipulated sentence intact, the court indicated it would decline to exercise its discretion to strike the firearm enhancements and resentence defendant without them. Absent a new sentence, the court left in place its October 3, 2023, amended abstract of judgment, with the same actual-days credit calculation as had been entered at defendant's original June 2015 sentencing. As noted above, that calculation must be updated. Accordingly, we remand the matter with directions to the trial court to update defendant's credits calculation to reflect "all actual days defendant had spent in custody, whether in jail or prison," as of the date of defendant's September 29, 2023 resentencing, and to record "such credits in [a] new abstract of judgment." (*People v. Buckhalter*, *supra*, 28 Cal.4th at p. 40.)

3

**DISPOSITION**

The trial court's resentencing decision is affirmed, with directions for the court to correct the abstract of judgment to reflect defendant's actual custody credits as of defendant's September 29, 2023, resentencing date.  The amended abstract of judgment shall be forwarded to the Department of Corrections and Rehabilitation.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER

J.

We concur:

RAMIREZ

P. J.

CODRINGTON

J.